# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**GREGORY MARQUE HILLIE**                                                                                  **PETITIONER**

**V.**                                                                                                      **NO. 4:17-CV-70-DMB-RP**

**JUDGE CHARLES WEBSTER and**
**JUDGE LINDA COLEMAN**                                                                                     **RESPONDENTS**

*CONSOLIDATED WITH*

**GREGORY MARQUE HILLIE**                                                                                  **PETITIONER**

**V.**                                                                                                      **NO. 4:17-CV-135-DMB-JMV**

**SHERIFF KEVIN WILLIAMS and**
**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                                                                                    **RESPONDENTS**

## ORDER

On March 27, 2018, in these consolidated cases, the Court dismissed Gregory Marque Hillie's petition for a writ of habeas corpus in the lead case, No. 4:17-cv-70. Doc. #11. The same day, this Court issued an order for Hillie to show cause why his petition in the remaining case, No. 4:17-cv-135, should not also be dismissed because it "challenges the same pending charges as those in the petition dismissed in No. 4:17-cv-70." Doc. #12. Hillie timely responded to the order to show cause on April 6, 2018. Doc. #14.

In his response to the order to show cause, Hillie makes several indiscernible assertions, none of which show how his remaining petition is distinguishable from his previously-dismissed petition.[1] *See id.* Indeed, No. 4:17-cv-70 and No. 4:17-cv-135 were consolidated because "the

---

[1] In his response, Hillie generally discusses his indictment by a grand jury, a "motion comparison," and an alleged cover-up—although, it is unclear what is being covered-up and by whom. Doc. #14.

two petitions challenge the same charges pending against [Hillie] in the Bolivar County Circuit Court." Doc. #10. Because Hillie has not shown why the petition in No. 4:17-cv-135 should not be dismissed for the same reasons as the petition in the lead case, his petition for a writ of habeas corpus in No. 4:17-cv-135 is also **DISMISSED**.[2]

**SO ORDERED**, this 24th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Because Hillie is a pretrial detainee, his petition for writ of habeas corpus is construed as a petition under 28 U.S.C. § 2241. While a Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant" who brings a § 2254 petition, such is not necessary for § 2241 petitions. Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts; *see Montano v. Texas*, 867 F.3d 540, 547 n.8 (5th Cir. 2017) ("Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required."); *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (no certificate of appealability required before habeas petitioner appealed dismissal of § 2241 habeas petition).